FILED
United States Court of Appeals
Tenth Circuit

September 25, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MARCELINO ALMARAZ,

    Defendant - Appellant.

No. 18-3116
(D.C. No. 2:16-CR-20092-JAR-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **PHILLIPS**, and **EID**, Circuit Judges.
_____

Marcelino Almaraz pleaded guilty to one count of aiding and abetting in the preparation of false and fraudulent income tax returns and one count of filing a false or fraudulent tax return. He was sentenced to serve 21 months in prison and ordered to pay $397,552 in restitution. Although his plea agreement contained a waiver of his appellate rights, he filed a notice of appeal. The government has moved to enforce the appeal waiver in Mr. Almaraz's plea agreement pursuant to *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam).

---

[*] This panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Under *Hahn*, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id*. at 1325. Mr. Almaraz indicated in his docketing statement that he wants to challenge the restitution portion of his sentence on appeal.

We first note that Mr. Almaraz was represented by attorney Carl Cornwell in the proceedings in district court and Mr. Cornwell entered an appearance on Mr. Almaraz's behalf on appeal. But Mr. Almaraz filed a motion to represent himself pro se on appeal because he wanted to argue that Mr. Cornwell provided ineffective assistance of counsel in his case before the district court. We subsequently: (1) granted Mr. Cornwell's motion to withdraw as counsel for Mr. Almaraz; (2) denied Mr. Almaraz's motion to represent himself pro se; and (3) appointed the Federal Public Defender for the District of Kansas to represent Mr. Almaraz on appeal.

In his response to the motion to enforce, Mr. Almaraz disputes that his appellate waiver was knowing and voluntary. He wants to challenge the waiver (and his guilty plea) based on Mr. Cornwell's alleged ineffective assistance of counsel. But "he understands after consultation with current counsel that 'a defendant must generally raise claims of ineffective assistance of counsel in a collateral proceeding, not on direct review'—'even where a defendant seeks to invalidate an appellate

2

waiver based on ineffective assistance of counsel.'"  Resp. at 1-2 (quoting *United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005)).

In his plea agreement, Mr. Almaraz reserved the right to raise a claim in a collateral proceeding for ineffective assistance of counsel in the negotiation of his appeal waiver.  He also reserved the right—notwithstanding the other waivers in his plea agreement—to raise "any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct."  Mot. to Enf., Attach. C at 11.

Given these circumstances, Mr. Almaraz "does not object to a finding that he cannot show *on the present record* that his plea or his waiver was not knowing or voluntary, and he does not object to a dismissal of his direct appeal on the government's motion without prejudice to him filing a 28 U.S.C. § 2255 motion alleging ineffective assistance of counsel."  Resp. at 2.  Considering the *Hahn* factors, Mr. Almaraz does not contest that his appeal falls within the scope of his appeal waiver so we need not address that issue.  *See Porter*, 405 F.3d at 1143.  On the present record, we find that his waiver was knowing and voluntary.  Although ineffective assistance of counsel in the negotiation of the plea agreement is one of the four circumstances that could establish that enforcing the appeal waiver would result in a miscarriage of justice, *see Hahn*, 359 F.3d at 1327, Mr. Almaraz has agreed to raise any such claim in a collateral proceeding, consistent with this court's decision in *Porter*.

3

Accordingly, we grant the government's motion to enforce the appeal waiver and dismiss the appeal. This dismissal is without prejudice to Mr. Almaraz filing a § 2255 motion that raises claims of ineffective assistance of counsel in connection with his guilty plea or appeal waiver.

Entered for the Court
Per Curiam